The Ciixeu Justice, and Rosseku, J.
were of opinion, that the age of the boy was sufficiently set out in the indenture, and that the binding by the father was correct,
Pennington, J.
I am very well satisfied that my brethren have thought themselves justified in deciding this case as they have. Mr. Taylor honestly paid his money for the service of the hoy, and is, under the circumstances of the case, in equity entitled to it. I cannot bring my mind, however, to agree to the law upon which this case is decided. The boy stands in the situation of all other infants in the State. Our act respecting £*] apprentices and servants, Pat. 305, points out the manner of binding infants, and declares a binding in any other way void, as against such infant, and requires the age of the infant to be inserted in the indenture. Whatever purposes this was to answer, the requisite of the act does not appear to me, to be complied with, by only inserting the year ip which the infapt was horn; it is too uncertain. Again — The construction which I have ever given of this act, is, that the binding is to be by the infant himself, and not the father bindingthe infant; and this, I believe, is the universal practice, as well in England as in this State. For what purpose is the assent of the father or guardian to be expressed in the indenture, and signified by their signing and sealing the same? If the father is the binding party, such a provision is perfectly absurd: but this is expressly enjoined by the statute, and the indenture made void without it. It is said by Tates J. Bur. Sett. Cases 656, that a father cannot hind his son a servant, and notwithstanding the dictum in Comyn, I much doubt if he can bind him an apprentice. The assent of the father is necessary to prevent the improvident act of the infant; the infant is, therefore restrained from binding himself without the assent of his father, mother or guardian. By the custom of London, an infant unmarried, and above the age of fourteen, may bind himself apprentice to afreoinan of London by indenture. The statute, 5 Eliz. C. 4, enables householders in cities and towns corporate, to retain apprentices, to serve and be hound as apprentices, after the custom and order of the city of London ; and in certain cases, extends this provision to market towns. *354 The whole of the statute of Elia, goes to shew that the binding is the act of the infant, and not that of the parent. The right that a father has to the services of an infant child does not seem to be plainly marked out by the common law; the control he has over the child seems to be for its benefit, its education, and to provide for it. The ancient writ given the father for taking away his child, seems by the best authorities, to he confined to his heir, and not to extend to his other children; this was of feudal [*] origin; and we hear no more of it since the abolition of military tenures. On the whole view of the subject, I am clearly of opinion, that the true construction of the act is, that a father cannot bind his infant son a servant,, nor even an apprentice; but that it contemplates the infant binding itself, by the assent of the parent, expressed in the indenture; therefore, on this point also, that the indenture is void.-